UNITED STATES BANKRUPTCY COURT

FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
FRONT COUNTER
2019 DEC 30 AM 11: 20
CLERK
US BANKRUPTCY COURT
ALEXANDRIA DIVISION

In the Matter of:

MICHAEL AMICHAY WILLNER

Debtor

Chapter 13

Case No. 19-13661-BFK

## DEBTOR'S RESPONSE TO CHAPTER 13 TRUSTEE'S MOTION TO DISMISS

Michael Amichay Willner, Chapter 13 Debtor ("Debtor"), files this response to the motion to dismiss filed by the Chapter 13 Trustee, Thomas P. Gorman ("Trustee"), so the Court may consider Debtor's views on Trustee's motion and a continuance thereof in the interest of judicial efficiency. Debtor requests the Court to adjudicate the validity of the proof of claim to be filed by the purported secured creditor, U.S. Bank, before ruling on Trustee's motion to dismiss because a holding in Debtor's favor would further justify his filing of the Chapter 13 bankruptcy petition in question.

### Debtor's Responses to Trustee's Justifications

1. The Trustee lists as a cause for his motion that Debtor has violated 11 U.S.C. §109(e) in that Debtor's Schedule D lists $4,970,000.00 of secured debt on his residence.[1] The

---

[1] To be clear, Debtor's Schedule D lists the value of the purported claim as $4,320,000, while the estimated value of the residence, which Debtor owns with his wife as tenants by the entirety, is $4,970,000.

purported debt is not owed by Debtor personally.[2] Debtor indicates on his Schedule D that he disputes the purported secured claim on his residence. Debtor intends to object to a proof of claim to be filed by U.S. Bank. A continuance would serve the interest of judicial efficiency while being consistent with the spirit of the bankruptcy code.

> "The monetary limitations of [§ 109(e)] reflect Congress's recognition that a chapter 11 reorganization might be too cumbersome a procedure for a sole proprietor or individual with a small amount of debt." 2 COLLIER ON BANKRUPTCY ¶ 109.06 (16th 2019). At the same time, the debt limits "ensure that chapter 13 is not used by individuals with large businesses in which the creditor protections of chapter 11, such as voting and the disclosure statement, are more important." 2 COLLIER ON BANKRUPTCY ¶ 109.06 (16th 2019).[3]

In this case, Debtor, an individual with a relatively small amount of personal debt, does not have a large business and he is not using chapter 13 to avoid the creditor protections of chapter 11. His only debt is a $39,083 student loan. The only material issue before the Court in this Chapter 13 bankruptcy petition, *i.e.*, the validity of U.S. Bank's proof of claim, is the same material issue that would be present in a Chapter 11 bankruptcy proceeding. Thus, processing and presiding over a Chapter 11 petition, thereby duplicating much of the Chapter 13 efforts already exerted, for no new purpose and no compelling need for the additional creditor protections of Chapter 11, would hinder judicial efficiency.

2. The Trustee lists as a cause for his motion that Debtor has violated 11 U.S.C. §109(e) in that Debtor lacks regular income. Debtor listed his non-filing spouse's social security on his Form 106I, Income Schedule. Debtor has no current repayment obligations under his only

---

[2] The *in personum* claim of U.S. Bank against Debtor was discharged when Debtor's Chapter 11 bankruptcy plan was approved on November 17, 2016 (Case 12-17322-BFK Doc 211 Filed 11/17/16). In addition, Debtor claims the underlying note was void or voidable and he had a claim of recoupment against it.

[3] *Napolitano v. Rumbin (In re Rumbin)*, 606 B.R. 31, 36 (Bankr. D. Conn. 2019) (brackets in original).

2

debt, a student loan in the amount of $39,083. Debtor intends to repay the student loan from the proceeds of the sale of his residence, which he expects to pursue if the Court holds that U.S. Bank's proof of claim is invalid.

3. Trustee lists as a cause for his motion that Debtor has violated 11 U.S.C. §1307(c) by not filing a Plan of payment. Debtor filed a Plan which indicated that no payments were required. This is so because, as stated above, Debtor has no current debt repayment obligations.

4. Trustee also alleges that Debtor violated Bankruptcy Rule 4002(b)(1) and 11 U.S.C. §521(a)(3) for failing to produce verification of his Social Security number at his December 3, 2019 Section 341 Meeting of Creditors. Debtor brought his driver's license to the meeting and had previously submitted a copy of his social security card to Trustee with copies of his tax returns which listed his social security number. Debtor offered to retrieve his actual social security card, which he had mistakenly failed to bring to the meeting, but Trustee told him not to bother.

## CONCLUSION

Based on the foregoing, Debtor respectfully requests the Court to continue the hearing on the Motion to Dismiss until such time the Court adjudicates the validity of U.S. Bank's proof of claim.

Dated: December 29, 2019

Respectfully submitted,

*Michael X Willner*
Michael A. Willner
Chapter 13 Debtor
11521 Potomac Road
Lorton, VA 22079
MikeWillner1@gmail.com
(703) 489-0913

## CERTIFICATE OF SERVICE

I hereby certify that I have this 30th day of December 2019, mailed a true copy of the foregoing Debtor's Response to Chapter 13 Trustee's Motion to Dismiss, to the following party:

Thomas P Gorman
Chapter 13 Trustee
300 N. Washington Street, #400
Alexandria, VA 22314

*Michael A Willner*
Michael Amichay Willner

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
_____Alexandria_____ Division

In re: Willner

Debtor(s)

Case No. 19-13661-BFK
Chapter 13

Plaintiff(s)

v.

Defendant(s)

Adversary Proceeding No.

### CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 2090-1

Document Title:
Date Document Filed:
Docket Entry No.

I declare under penalty of perjury that (Check one box):

☒ No attorney has prepared or assisted in the preparation of this document.

☐ The following attorney prepared or assisted in the preparation of this document.

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)

Michael Willner
Name of Pro Se Party (Print or Type)          Name of Pro Se Party (Print or Type)

/s/ Michael Willner
Signature of Pro Se Party                     Signature of Pro Se Party

Executed on: 12/30/2019 (Date)

[2090edva ver. 09/17]