FILED
FRONT COUNTER

2020 JAN 10 PM 1:03

CLERK
US BANKRUPTCY COURT
ALEXANDRIA DIVISION

UNITED STATES BANKRUPTCY COURT

FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In the Matter of: | |
| | Chapter 13 |
| MICHAEL AMICHAY WILLNER | |
| | Case No. 19-13661-BFK |
| Debtor | |

## DEBTOR'S CLARIFICATION OF ARGUMENT IN FAVOR OF BANKRUPTCY COURT'S JURISDICTION

Michael A. Willner, Chapter 13 Debtor, files this Clarification of Argument in Favor of Bankruptcy Court's Jurisdiction.

At the hearing on January 9, 2020 in this Court, Debtor explained that previous federal court decisions were not on the merits of Debtor's anticipated objection to the proof of claim expected to be filed in this case by the purported beneficiary to a deed of trust, U.S. Bank.[1] Instead the courts held they lacked subject matter jurisdiction under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA").[2]

---

[1] The only claims previously dismissed on the merits were those relating to the servicing of the debt by JP Morgan Chase and its agent, not U.S. Bank's purported right to foreclose, which is the material issue in this case.

[2] *Willner v. Dimon*, 849 F.3d 93, 99 (4th Cir. 2017) ("The district court dismissed certain Counts for lack of subject matter jurisdiction pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 and other Counts for failure to state a claim. As we explain below, the district court lacked subject matter jurisdiction over most of the Counts that the Willners appeal...") *See also Willner v. Dimon*, 2018 U.S. Dist. LEXIS 13101, *25-26 (DDC) ("The Fourth Circuit has held that the [FIRREA] bar date serves as a mandatory, jurisdictional barrier to [the Willners'] assertion of those claims in federal court. This Court therefore lacks

In his federal court filings, Debtor cited precedent to the effect that there is an exception to FIRREA's jurisdictional bar in bankruptcy cases.[3] The Fourth Circuit indicated that the exception to FIRREA's jurisdictional bar did not apply in the district court, but would apply to Debtor's claims in bankruptcy court.[4]

Debtor is now in this Bankruptcy Court and, therefore, FIRREA's jurisdictional bar would not apply to his anticipated objection and affirmative defenses to U.S. Bank's expected proof of claim of right to foreclose. In addition, one of Debtor's affirmative defenses did not accrue until recently and was not previously addressed by the courts. In fact, until U.S. Bank files its proof of claim in this case, Debtor cannot know if it will raise other issues not previously

---

jurisdiction over Counts 1-6 of the Amended Complaint and will dismiss those claims.") Counts 1-6 challenged U.S. Bank's right to foreclose.

[3] *See Best Prods. Co. v. RTC. (In re Best Prods. Co.),* Nos. 93 Civ 1115 et al., 1994 U.S. Dist. LEXIS 5088 (S.D.N.Y. Apr. 20, 1994) (district court rejected defendant's argument that FIRREA barred the court's subject matter jurisdiction to adjudicate actions commenced by debtors which stemmed from claims against the bankruptcy estate); *see also Carpenter v. FDIC (In re Carpenter),* 205 B.R. 600, 605 (B.A.P. 9th Cir. 1997) (FIRREA's jurisdictional bar is "inapplicable to affirmative defenses (or claims that are in substance affirmative defenses) that arise incidentally to the bankruptcy court's determination of a claim against the debtor.") (citation omitted); *In re Miraj & Sons, Inc.,* 192 B.R. 297, 310 (Bankr. D. Mass. 1996) (FIRREA does not apply where debtor in bankruptcy seeks to limit his liability by objecting to proofs of claim)."

[4] *See Willner v. Dimon,* 849 F.3d 93, 111 (4th Cir. 2017) ("... Mr. Willner appears to invoke an exception to FIRREA's exhaustion requirement that exists within the bankruptcy system for a debtor who has a proof of claim filed against him by a creditor and then is allowed to bring a claim against the creditor in bankruptcy court outside of FIRREA's administrative process. *See, e.g., In re Best Prod. Co., Inc.,* No. 93 CIV. 1115 (CSH), 1994 U.S. Dist. LEXIS 5088, 1994 WL 141970, at *3 (S.D.N.Y. Apr. 20, 1994) ("[I]f [the FDIC] had not submitted a claim against the bankruptcy estate . . . it also would not have waived its right to demand that [debtor] pursue administrative remedies within FIRREA prior to bringing its claim against [the FDIC] in the bankruptcy court."). **That exception is inapplicable though, because Mr. Willner is not in bankruptcy court.**") (emphasis added). In fact, depending upon the contents of U.S. Bank's expected proof of claim in this case, Debtor may not raise any claims, only affirmative defenses, to which FIRREA's jurisdictional bar does not apply. *See In re Carpenter, supra,* n. 3.

2

addressed by the courts.

## CONCLUSION

Based on the foregoing, Debtor respectfully requests the Court grant a continuance of the U.S. Trustee's motion to dismiss until such time as the Court can consider adjudicating the merits of Debtor's anticipated objection to the proof of claim expected to be filed by U.S. Bank in this case.

Dated: January 10, 2020

Respectfully submitted,

*/s/ Michael A. Willner*
Michael A. Willner
Chapter 13 Debtor
11521 Potomac Road
Lorton, VA 22079
MikeWillner1@gmail.com
(703) 489-0913

## CERTIFICATE OF SERVICE

I hereby certify that I have this 10th day of January 2020, mailed a true copy of the foregoing Debtor's Clarification of Argument in Favor of Bankruptcy Court's Jurisdiction, to the following party:

Thomas P Gorman
Chapter 13 Trustee
300 N. Washington Street, #400
Alexandria, VA 22314

*/s/ Michael A. Willner*
Michael A. Willner

3

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
___Alexandria___ Division

In re: Michael Amichay Willner       Case No. 19-13661-BFK
                                     Chapter 13
       Debtor(s)

              Plaintiff(s)                  Adversary Proceeding No.
v.

              Defendant(s)

**CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 2090-1**

Document Title: Debtor's Clarification of Argument In Favor of Bankruptcy Courts Jurisdiction
Date Document Filed:
Docket Entry No.

I declare under penalty of perjury that (Check one box):
☑ No attorney has prepared or assisted in the preparation of this document.
☐ The following attorney prepared or assisted in the preparation of this document.

FILED FRONT COUNTER 2020 JAN 10 PM 1:06 CLERK US BANKRUPTCY COURT ALEXANDRIA DIVISION

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)

Michael Willner
Name of Pro Se Party (Print or Type)      Name of Pro Se Party (Print or Type)

/s/ Michael A. Willner
Signature of Pro Se Party                  Signature of Pro Se Party

Executed on: 1/10/2020 (Date)

[2090edva ver. 09/17]